J-S64040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA

v.

EMMANUEL PAULINO

Appellant | No. 442 MDA 2017

Appeal from the Judgment of Sentence April 20, 2016
In the Court of Common Pleas of Luzerne County Criminal Division at No(s):
CP-40-CR-0000321-2014,
CP-40-CR-0004435-2013

BEFORE: PANELLA, J., SHOGAN, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:     **FILED NOVEMBER 16, 2017**

Appellant, Emmanuel Paulino, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas. His attorney, David V. Lampman, II, Esq. ("Counsel"), has filed an ***Anders***[1] petition for leave to withdraw. Counsel identifies the following issues on appeal: (1) whether the trial court abused its discretion in sentencing Appellant; and (2) whether Appellant's remaining claims qualify for relief. Appellant filed a *pro se* response to Counsel's ***Anders*** brief. We grant Counsel's petition to withdraw and affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967).

On June 9, 2014, Appellant pled guilty in case number CP-40-CR-00321 to Count 1 aggravated assault[2] and Count 2 aggravated assault.[3] In case number CP-40-CR-004435-2013, Appellant pled guilty to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance[4] ("PWID"), and conspiracy.[5] The trial court summarized the procedural posture of this case as follows:

> On August 28, 2014, [Appellant] was sentenced to an aggregate of 102 to 152 months['] incarceration . . . .
>
> * * *
>
> [Appellant] did not file post-sentence motions or a direct appeal of this case.
>
> On September 18, 2015, [Appellant] filed a timely [("PCRA")[6]] petition.
>
> In the PCRA petition, [Appellant] alleged that he was entitled to relief pursuant to **Alleyne**[7] because he was sentenced to an illegal mandatory minimum sentence in Count 1 of 4435-2013.
>
> On April 20, 2016, after concurrence by the Commonwealth, the [c]ourt granted [Appellant's] PCRA, vacated the mandatory minimum sentence on Count 1 of

---

[2] 18 Pa.C.S. § 2702(a)(1).

[3] 18 Pa.C.S. § 2702(a)(3).

[4] 35 Pa.C.S. § 780-113(a)(30).

[5] 18 Pa.C.S. § 903.

[6] 42 Pa.C.S. §§ 9541-9546.

[7] **Alleyne v. U.S.**, 133 S.Ct. 2151 (2013).

4435 of 2013, and resentenced him in accordance with *Alleyne* [ ] by issuing a 12 to 24 month standard range sentence.

At the time of re-sentencing, [Appellant's] aggregate minimum and maximum sentence was reduced by one (1) year.

On May 16, 2016, [Appellant] timely filed a Notice of Appeal.

On June 27, 2016, [Appellant] filed a concise statement of errors.

On July 5, 2016, the Commonwealth filed a response to [Appellant's] concise statement.

On August 5, 2016, the [c]ourt issued an opinion on this matter pursuant to Pa.R.A.P. 1925(a).

On July 15, 2016, the Superior Court issued an order dismissing [Appellant's] appeal (819 MDA 2016) for his counsel's failure to comply with the requirements concerning filing the docketing statement, Pa.R.A.P. 3517.[8]

On October 7, 2016, [Appellant] timely filed a *pro se* PCRA petition commencing this action.

---

[8] Rule 3517 provides:

Whenever a notice of appeal to the Superior Court is filed, the Prothonotary shall send a docketing statement form which shall be completed and returned within ten (10) days in order that the Court shall be able to more efficiently and expeditiously administer the scheduling of argument and submission of cases on appeal. Failure to file a docketing statement may result in dismissal of the appeal.

Pa.R.A.P. 3517.

J-S64040-17

> The [c]ourt held a PCRA hearing . . . at which time the District Attorney and the Attorney General concurred in [Appellant's] request to reinstate his direct appellate rights.

Trial Ct. Op., 4/21/17, at 2-4. On March 7, 2017, the court granted the PCRA petition and reinstated Appellant's direct appellate rights. This appeal followed.[9]

Counsel identifies the following issues in the **Anders** brief:[10]

> 1. Whether the sentencing court erred and/or abused its discretion in sentencing [Appellant]?
>
> 2. Whether [Appellant's] remaining claims are meretricious [sic] and/or qualify for relief?[11]

---

[9] Appellant filed a notice of appeal on March 13, 2017. On March 23, 2017, docketed March 29, 2017, this Court entered a *per curiam* order directing the trial court to enter the March 7, 2017 order on the docket within 14 days. On March 27, 2017, the trial court complied with this Court's Order. "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the date thereof." **Commonwealth v. Cooper**, 27 A.3d 994, 1008 (Pa. 2011) (citing Pa.R.A.P. 905(a)(5)) (quotation marks omitted). Accordingly, the instant appeal is properly before us. **See id.**

[10] We note that Counsel filed a court ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal on March 17, 2017.

[11] The **Anders** brief raises two additional issues:

> 3. Whether the undersigned's analysis herein complies with **Anders** . . . .
>
> 4. Whether undersigned's petition to withdraw should be granted?

**Anders** Brief at viii.

- 4 -

***Anders*** Brief at viii.

"When faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." ***Commonwealth v. Wimbush***, 951 A.2d 379, 382 (Pa. Super. 2008).

> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in [***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009)]. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> ***Santiago***, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief."

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014) (some citations omitted).[12]   If counsel complies with these requirements, "we will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'"  *Id.* at 882 n.7 (citation omitted).

Instantly, Counsel provided a factual summary of the case with citations to the record.   *Anders* Brief at 1-16.   Counsel explained the relevant law and discussed why Appellant's claims are meritless.  *Id.* at 17-27.   In conclusion, Counsel's *Anders* brief stated: "There are no issues of substantive merit to be presented on appeal."  *Id.* at 37.

Counsel also provided Appellant with a copy of the *Anders* brief and a letter advising Appellant of his rights.   Counsel's Appl. to Withdraw, 6/10/17. In light of the foregoing, we hold Counsel has complied with the requirements of *Santiago*.   *See Orellana*, 86 A.3d at 879-80.   We now examine the record to determine whether the issue on appeal is wholly frivolous.  *See id.* at 882 n.7.

---

[12] Our Supreme Court in *Santiago*  "emphasized the difference between an *Anders* brief, which offers an issue for a court's consideration, but reflects counsel's candid assessment of the complete lack of merit in his client's case, and a merits brief, which implies that an issue is worthy of review and has some chance of succeeding." *Santiago*, 978 A.2d at 359-60.

First, Counsel identified the following issue in the **Anders** brief: "Whether the sentencing court erred and/or abused its discretion in sentencing [Appellant]?" **Anders** Brief at viii.

As a prefatory matter, we note that "[t]he right to appeal the discretionary aspects of a sentence is not absolute." **Commonwealth v. Booze**, 953 A.2d 1263, 1278 (Pa. Super. 2008).

> This Court may only reach the merits of an appeal challenging the discretionary aspects of sentence where it appears that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the code or is contrary to the fundamental norms which underlie the sentencing process.

**Id.** (quotation marks and citation omitted). In addition, Pennsylvania Rule of Appellate Procedure 2119(f) requires that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowances of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f); **see also Booze**, 936 A.2d at 1278.

Counsel's **Anders** brief does not contain a statement of reasons for allowance of appeal pursuant to Rule 2119(f). In **Commonwealth v. Lilley**, 978 A.2d 995 (Pa. Super. 2009), this Court opined:

> The **Anders** brief challenges discretionary aspects of [the a]ppellant's sentence. [The a]ppellant was required to "set forth in his brief a concise statement of the reasons

relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

> The concise statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates. Additionally, the statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm. If the statement meets these requirements, we can decide whether a substantial question exists.

***Commonwealth v. Kiesel***, 854 A.2d 530, 532 (Pa. Super. 2004) (internal quotations and citations omitted). [The a]ppellant's Pa.R.A.P. 2119(f) statement fails to cite what particular provision of the code or what specific fundamental norm [the a]ppellant's sentence allegedly violates.

Nevertheless, in light of Counsel's petition to withdraw, we address [the a]ppellant's contention. ***See Commonwealth v. Hernandez***, 783 A.2d 784, 787 (Pa. Super. 2001) (concluding that ***Anders*** requires review of issues otherwise waived on appeal).

***Id.*** at 998.

We will review the issue nonetheless. ***See id.*** Our review is governed by the following principles:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted).

In making a reasonableness determination, a court should consider four factors:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d)(1)-(4).

In **Commonwealth v. Corley**, 31 A.3d 293 (Pa. Super. 2011), this Court held:

> [W]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report ["PSI"], we will not consider the sentence excessive. In those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

**Id.** at 298 (quoting **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988)) (quotation marks omitted); **see also Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (stating "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code").

At the resentencing hearing, the court asked Appellant's counsel if there had been any discussion with the Commonwealth prior to the hearing. N.T., 4/20/16, at 2.

- 9 -

[Appellant's counsel:] Yes, there has, Your Honor. I think we have a deal and I'd actually like [Appellant] to be sworn in just so we can take his testimony.

\* \* \*

Your Honor, specifically I believe the agreement that's been reached with the Attorney General's Office is on 4435 of 2013, delivery of heroin, where a mandatory minimum was imposed.

It is agreed that pursuant to the more recent case law, the mandatory minimum would be unconstitutional and therefore it is [Appellant's] desire that he be resentenced as to that count.

As it relates to anything else that he may have otherwise raised in any paperwork he filed, he would want to withdraw any other arguments or issues that he brought up.

And I just want to make sure I'm correct with that.

[Appellant:] Yes, sir.

The Court: And . . . you have been counseled by [your Attorney] and had an opportunity to speak with him?

[Appellant:] Yes.

\* \* \*

[Appellant's counsel:] So it is my understanding that the standard range for the delivery of heroin would again be a six month to 14 month standard range, and ask only that count be resentenced within that standard range.

The Court: Deputy Attorney General Abraham, at this point what is your position?

[Deputy Attorney General:] . . . The Commonwealth has no opposition to granting [Appellant's] PCRA request . . . to be resentenced on Count 1 of docket 4435 of 2013 to

- 10 -

reflect a sentence within the standard range of six to 14 months.

The Court: So both parties are stipulating to the standard range of sentencing on Count 1 . . . .

\*     \*     \*

The Court:  Assistant DA Violi, do you care to be heard at this point?

[Assistant DA:] Just with regard to the sentencing, I would restate my position from the original sentencing that the cases run consecutive to each other.

\*     \*     \*

The Court: Counsel, as I have indicated to you, I will grant a resentencing.  And it will be as to the entire information, 4435 of '13, Count 1, [PWID] and Count 2, conspiracy.

Commonwealth in agreement?

[The Commonwealth:] Yes, Your Honor.

The Court: And [counsel for Appellant]?

[Counsel for Appellant:] Yes.

The Court: So noted.

I will incorporate the [PSI] that was prepared in this matter August 12, of 2014, and I will ask whether there are any additional statements to be made by either party at this particular juncture.

[Counsel for Appellant:] Yes, Your Honor, [Appellant] would like to give you an update since he's been incarcerated.

The Court: [Appellant] is sworn.

[Appellant:] Yes, Your Honor.

I've been incarcerated two and a half years, I did my PC program and two other programs, I have no write ups. And I'm asking you just to have a reconsideration.

I have to justify myself that I did cooperate with the Commonwealth of Pennsylvania with my aggravated assault and I did plea [sic] guilty.[13]  I know I am guilty.  I wasn't on the right path in my life.  I've got four kids out there and I really want to be the father that they deserve when I get out.

*　　*　　*

The Court:  . . . I grant the PCRA relief as to resentencing on information 4435 of '13 in accordance with the case law.

---

[13] As to the aggravated assault counts, Appellant pled guilty to the following:

The Commonwealth:  Your Honor, this took place on November 19th of 2013, in the early morning hours. [Appellant] was staying with the victim who is his girlfriend and mother of his children.  They were in the same bed sleeping together.  [Appellant] with no warning then inserted his arm repeatedly into her anus up to his elbow and he caused significant damage.  She required hours of surgery and has permanent damage which will require the lifelong use of colostomy bag.

When the police arrived at the scene, [Appellant] also head butted Trooper Foux, F-O-U-X, causing damage to his not.

The Court: So noted.  Are you pleading guilty to those charges?

[Appellant:] Yes.

N.T. Guilty Plea Hr'g, 6/9/14, at 6-7.

[Appellant] has withdrawn all other requests in the PCRA petition and as such they are moot. I have incorporated the [PSI], I take into account also the statements of [Appellant, the Attorney General, the Assistant DA, and Appellant's counsel,] I've considered the nature of the offenses and the voluntariness of the plea.

The sentence of the [c]ourt on 4435 of '13, Count 1, possession with intent to deliver, I sentence you to a term of imprisonment in state prison for a period of not less than 12 months, no more than 24 months.

On Count 2, conspiracy, I sentence you to imprisonment in a state prison for a period of not less than 12 months, no more than 24 months, which shall be concurrent to the sentence imposed at Count 1.

* * *

Furthermore, today's sentence is consecutive to the sentence imposed by the [c]ourt at information 321 of '14.

*Id.* at 2-6, 8-9.

We discern no abuse of discretion in the trial court's conclusions. *Fullin*, 892 A.2d 843. The court imposed a standard-range sentence with the benefit of a PSI. Therefore, Appellant's sentence of twelve to twenty-four months was not manifestly excessive. *See Corley*, 31 A.3d at 298; *Moury*, 992 A.2d at 171. We agree with Counsel that this claim is frivolous.

The next claim identified by Counsel is that there was a negotiated guilty plea agreement of three to six years' imprisonment which was not honored. *Anders* Brief at 27. Our review of the record does not support this claim. We agree with Counsel that this claim is also frivolous.

Lastly, the **Anders** brief and Appellant's *pro se* response to the **Anders** brief raise issues of the ineffective assistance of counsel. "[C]laims of ineffective assistance of counsel will not be entertained on direct appeal." **Commonwealth v. Liston**, 977 A.2d 1089, 1094 (Pa. 2009) (citation omitted). We acknowledge that there are exceptions to this rule; however, they do not apply in the case at bar. **See Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013) (discussing the continued viability and limited scope of the exception enunciated in **Commonwealth v. Bomar**, 826 A.2d 831 (Pa. 2003)). We will not address Appellant's ineffective assistance of counsel claims. **See Liston**, 977 A.2d at 1094. Therefore, we dismiss these claims without prejudice to Appellant's right to raise his ineffective assistance of counsel claims on collateral review. **See id.** at 1094-95.

A review of the record reveals no other meritorious issue that could provide relief.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2017

- 14 -